UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE MCKINLEY CARTER, JR., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.  07-1395 (RMU) |
| HENRY J. SADOWSKI, *et al.*, | : | Dkt. #8 |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

For the reasons stated below, the Court will grant defendants' motion to transfer this civil action to the United States District Court for the District of New Jersey.

Plaintiff is a federal prisoner who currently is incarcerated at the Federal Correctional Institution in Fairton, New Jersey. He brings this action under the Federal Tort Claims Act ("FTCA"). His claims appear to arise from the loss of personal property and requests for administrative remedies submitted by plaintiff at FCI Fairton in 2004 to which Federal Bureau of Prisons officials allegedly did not respond.

An FTCA action "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).[1] "Under the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United*

---

[1] Only the United States is a proper defendant to a claim under the FTCA. 28 U.S.C. §§ 1346(b)(1), 2679(a); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990). Plaintiff is proceeding *pro se*, and the Court construes his complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). His intention to bring the FTCA claim against the United States is apparent, and a pleading defect of this nature may be remedied by amending the complaint.

*States*, 591 F. Supp. 374, 378 (D.D.C. 1984).  Plaintiff apparently does not reside in the District of Columbia and is not incarcerated here currently.  Review of plaintiff's complaint and attachments shows that no event giving rise to his claims occurred in the District of Columbia.  Contrary to plaintiff's assertions, *see* Secured Party's Response to Defendant(s) Motion to Transfer Venue to the District of New Jersey ¶¶ 3-6, the location of the Federal Bureau of Prisons' headquarters office in the District of Columbia does not establish venue in this district.  *See  Bartel v. Fed. Aviation Admin*., 617 F. Supp. 190, 199 (D.D.C. 1985) (District of Columbia location of headquarters irrelevant to determining proper venue for FTCA claim, where plaintiff resided in Maryland and no events occurred in District of Columbia).  The Court concludes that venue in this district is not proper.

At this juncture the Court either may dismiss this action or, in the interest of justice, transfer the action "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Assuming without deciding that plaintiff states a viable FTCA claim, in the interest of justice the Court will transfer this action to the United States District Court for the District of New Jersey.  *See, e.g., Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 193-94 (D.D.C. 2007) (concluding that venue in this district improper under 28 U.S.C. § 1402(b) and transferring FTCA and civil rights claims under 28 U.S.C. § 1406(a) where no significant event occurred in this district); *Hahn v. United States*, 457 F. Supp. 2d 27, 29 (D.D.C. 2006) (transferring FTCA action to district where cause of action arose).

An Order consistent with this Memorandum Opinion is issued separately.

Date:  July 16, 2008                                              RICARDO M. URBINA
                                                                               United States District Judge